**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANGELA M. WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-4797** |
| | : | |
| **U.S. AIRWAYS, INC.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                  **September   5, 2007**

Plaintiff Angela M. Williams ("Plaintiff") brings this action against U.S. Airways, Inc.

("Defendant"), alleging sexual harassment and gender-based discrimination in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Counts I and II), Wrongful

Termination (Count III), Intentional Infliction of Emotional Distress (Count IV), and Negligence

(Count V).  Now before the Court is Defendant's Motion to Dismiss Counts IV and V of the

Complaint.  For the reasons that follow, the Motion will be granted in part and denied in part.

**I.        BACKGROUND**

Accepting as true the allegations of the Complaint, as the Court must at this stage of the

proceedings, the relevant facts are as follows.  In March 2005, Plaintiff was assigned by her

temporary employment agency to work as an office administrator at Defendant's Lester,

Pennsylvania location.  Compl. ¶ 10.  Plaintiff was told that if she performed well, she would be

hired as a permanent employee.  Compl. ¶¶ 11-12.  Between April and October, 2005, Plaintiff

was sexually harassed by Defendant's recruiter, who showed her sexually explicit images, made

explicit sexual comments and references, simulated sexual acts in her presence, and touched her

in ways that she found offensive.  Compl. ¶ 14.  Plaintiff repeatedly complained about the

recruiter's behavior, and he was terminated.  Compl. ¶¶ 16, 18.  Despite her sound performance,

Plaintiff was not offered a permanent position, but was informed that the job was no longer

available.  Compl. ¶¶ 19-23.   She alleges that Defendant's failure to promote her constituted

retaliation for her complaints regarding sexual harassment.  Compl. ¶ 24.

## II.   LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox,

Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court must accept as

true all well-pleaded allegations of the complaint and view them in the light most favorable to the

plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  "In

considering whether the complaint survives a motion to dismiss, we review whether it contain[s]

either direct or inferential allegations respecting all the material elements necessary to sustain

recovery under *some* viable legal theory."  Montville Tp. v. Woodmont Builders, LLC, 2007 WL

2261567, at *2 (3d Cir. August 8, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955,

1969 (2007)).[1]

## III.   DISCUSSION

### A.   Negligence

---

[1]      In Twombly, the United States Supreme Court rejected the pleading standard
articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a plaintiff could survive a
motion to dismiss unless he could prove "no set of facts in support of his claim which would
entitle him to relief."  Twombly, 127 S. Ct. at 1969 ("this famous observation has earned its
retirement").

Plaintiff does not oppose Defendant's Motion to Dismiss the negligence claim.

Accordingly, by agreement of the parties, Count V of the Complaint will be dismissed.

**B.** **Intentional Infliction of Emotional Distress** - **Count IV**

Intentional infliction of emotional distress is a state tort, in this case derived from

Pennsylvania substantive law.  Andrews v. City of Philadelphia,  895 F.2d 1469, 1486 (3d Cir.

1990).  Such a claim lies "where a person, whose acts constitute extreme or outrageous conduct,

intentionally inflicts severe emotional distress on another person."  Tancredi v. Cooper, 2003 WL

22213699, at *5 (E.D. Pa. Sept. 3, 2003).  Defendant argues that the claim should be dismissed

because it is preempted by the Pennsylvania Workers' Compensation Act ("WCA"), or

alternatively, because Plaintiff has failed to state a claim upon which relief may be granted.

**1.** **Preemption**

As a general rule, the WCA provides the exclusive remedy for injuries sustained during

the course of employment, and bars claims for intentional infliction of emotional distress which

arise out of an employment relationship.  Matczak v. Frankford Candy and Chocolate Co., 136

F.3d 933, 940 (3d Cir. 1997) (citing 77 Pa. Cons. Stat. § 481(a)).  However, under limited

circumstances, an employer may be liable for the tortious conduct of a third party.  As part of the

"personal animus" or "third party attack" exception, a party may pursue claims for "employee

injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor

and not directed against him as an employee or because of his employment."  Demshick v.

Delaware Valley Convalescent Homes, Inc., 2005 WL 1923604, at *2 (E.D. Pa. Aug. 9, 2005).

"The 'critical inquiry' in determining whether the personal animus exception applies is whether

the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and

was sufficiently unrelated to the work situation so as to not arise out of the employment

relationship."  Churchray v. Park Place Enterprises, Inc., 2006 WL 1865001, at *2 (E.D. Pa. June

30, 2006) (quoting Fugarino v. Univ. Servs., 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000)).

Plaintiff contends that her claim falls within the "personal animus" exception because the

alleged sexually harassing conduct was perpetrated by an employee who was "fixated" upon her.

See Plaintiff's Memorandum in Opposition to Motion to Dismiss, at 8-9.  Courts evaluating

similar claims in this jurisdiction have "routinely excluded from the exclusivity provision of the

WCA intentional torts based on allegations of intentional infliction of emotional distress due to

sexual or racial harassment by a fellow employee or supervisor." Lang v. Seiko Instruments

USA, Inc., 1997 WL 11301, at *3 (E.D. Pa. Jan. 14, 1997) (citations omitted); see also Dunn v.

Warhol, 778 F. Supp. 242, 244 (E.D. Pa. Dec. 11, 1991); Brooks v. Mendoza, 2002 WL 467157,

at *4 (E.D. Pa. March 26, 2002) (holding that while alleged sexual harassment occurred in the

workplace, the acts were "personal in nature and sufficiently disconnected from the work

situation for plaintiff's claims to fit within the exception to the [WCA]."); Hoy v. Angelone, 691

A.2d 476, 482 (Pa. Super. 1997) (holding that the plaintiff's claim of intentional infliction of

emotional distress was not preempted by the WCA when the conduct in question was personal

and not directed at her due to her employment).[2]  Because Plaintiff's claim rests on allegations of

---

[2]      Other courts considering the applicability of the personal animus exception have
concluded that since the question of the alleged harasser's intent is inherently fact intensive, it
should be reserved for the trier of fact.  See, e.g. Tate v. Main Line Hospitals, Inc., 2005 WL
300068, at *24 (E.D. Pa. Feb. 8, 2005) ("Whether this 'personal animus exception' applies is
ultimately a question for the trier of fact") (citing McErlean v. Borough of Darby, 157 F. Supp.
2d 441, 448 (E.D. Pa. 2001)).

4

sexual harassment, the Court concludes that the personal animus exception applies, and the claim

is not preempted by the WCA.

### 2.      12(b)(6) Analysis

In order to state a claim for intentional infliction of emotional distress, the plaintiff must

establish the following four elements: (1) the conduct of the defendant must be intentional or

reckless; (2) the conduct must be extreme and outrageous; (3) the conduct must cause emotional

distress; and (4) the distress must be severe.  See Chuy v. Philadelphia Eagles Football Club, 595

F.2d 1265, 1273 (3d Cir. 1979).  To prevail on such a claim, "[t]he conduct must be so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Rowlands

v. Roman Catholic Diocese of Pittsburgh, 2005 WL 3234324, at *2 (W.D. Pa. Nov. 30, 2005).

Defendant argues that even if the intentional infliction claim is not preempted by the WCA, it

nonetheless fails as a matter of law because Plaintiff has not alleged extreme or outrageous

conduct, severe emotional distress, or physical injury, and therefore has failed to state a claim

upon which relief may be granted.

It is well-established that finding that a claim is not preempted by the WCA does not

necessarily render it cognizable.  See Lang, 1997 WL 11301, at *3; Ceesay v. Miller, Mason &

Dickenson, 1990 WL 121218, at *6 (E.D. Pa. Aug. 15, 1990) ("Having stated a claim which is

excepted from the WCA's exclusivity provision, the plaintiff must of course articulate a legal

theory upon which to establish the defendant's liability.").  Indeed, it is "extremely rare to find

conduct in the employment context that will rise to the level of outrageousness necessary to

provide a basis for recovery for the tort of intentional infliction of emotional distress." Cox v.

Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988).  As Plaintiff concedes, "sexual

harassment alone does not rise to the level of outrageousness necessary to make out a cause of

action for intentional infliction of emotional distress." Andrews, 895 F.2d at 1487.  In the

employment context, conduct sufficient to provide a plausible basis for recovery lies where

sexual harassment is accompanied by retaliatory action.  See Hoy, 691 A.2d at 483; see also Hare

v. H&R Indistries, Inc., 67 Fed. Appx. 114, 120-21 (3d Cir. 2003) (upholding award for

intentional infliction of emotional distress in case of retaliatory termination for complaints

lodged by employee in the aftermath of sexual harassment by co-workers and supervisors);

Lazarz v. Brush Wellman, Inc., 857 F. Supp. 417, 423 (E.D. Pa. 1994) (holding that claim of

intentional infliction of emotional distress may be viable "where there has been sexual

harassment plus some sort of retaliation.").

     While there is an inherent paradox in holding an employer liable for actions that are

sufficiently removed from the workplace to be subject to the personal animus exception, the

tension is mitigated to an extent by the principle that an intentional tort that is not preempted by

the WCA cannot be asserted against an employer under a theory of vicarious liability.  See Shaup

v. Jack D's, Inc., 2004 WL 1837030, at *2 (E.D. Pa. Aug. 17, 2004) ("In Pennsylvania, an

employer may be held liable for the torts of its servants only if that conduct falls within the

servant's scope of employment."); Lezotte v. Allegheny Health Educ. and Research Foundation,

1998 WL 218086, at *5 (E.D. Pa. May 1, 1998) ("If the facts alleged fail to support a reasonable

inference that the servant was acting in furtherance of his employer's business, the servant's

conduct falls outside of the scope of employment as a matter of law." (citing Ceesay v. Miller,

Mason & Dickenson, 1990 WL 121218, at *6 (E.D. Pa. Aug. 15, 1990)).

Here, Plaintiff does not assert a theory of vicarious liability, but rather seeks damages for alleged independent actions and omissions of Defendant. Specifically, she has alleged that "[o]wners, managers, and supervisors of Defendant routinely ignored or turned a blind eye to the aforesaid sexually harassing and offensive conduct..." Compl. ¶ 50. In addition, Plaintiff has alleged retaliatory conduct by Defendant, stating that "[t]he aforesaid employees, agents, managers, and supervisors of Defendant retaliated against Plaintiff for complaining about the sexual harassment to which she was subjected, and treated her more harshly than other employees who had not complained of sexual harassment." Compl. ¶ 52.[3] Construing the allegations in the Complaint liberally at this early stage in the litigation, and drawing all reasonable inferences in her favor, the Court concludes that Plaintiff has alleged sufficient direct and inferential facts to sustain a claim for intentional infliction of emotional distress. See Brandt v. Anheuser-Busch, Inc., 2007 WL 1175751, at *5 (D.N.J. April 19, 2007) ("An intentional infliction of emotional distress claim is rarely disposed of on a motion to dismiss"); see also Hitchens v. County of Montgomery, 2002 WL 207180, at *9 (E.D. Pa. Feb. 11, 2002).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted with respect to the negligence claim (Count V), and denied with respect to the claim of intentional infliction of

---

[3]    Defendant also alleges that the claim must be dismissed because Plaintiff has failed to allege that she suffered physical injury. However, Plaintiff has alleged that "as a further direct and proximate result of the aforesaid acts and omissions, [she] has suffered severe emotional distress, pain, anguish, humiliation, and embarrassment, and injury resulting from her emotional distress." Compl. ¶ 59 (emphasis added).

emotional distress (Count IV).  An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA M. WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-4797** |
| | : | |
| **U.S. AIRWAYS, INC.** | : | |

### ORDER

**AND NOW**, this        5ᵗʰ              day of September 2007, upon consideration of

Defendant's Motion to Dismiss Counts IV and V of the Complaint (docket no. 3), and Plaintiff's

response (docket no. 7), and for the reasons stated in the accompanying Memorandum,  it is

**ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part.  Count V of the

Complaint is **DISMISSED**.


                                        **BY THE COURT:**


                                        **/s/ Bruce W. Kauffman**
                                        **BRUCE W. KAUFFMAN, J.**